## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHAD LASSETER, | ) | |
| | ) | |
| **Petitioner/Defendant,** | ) | |
| | ) | **CIVIL NO. 06-cv-479-JPG** |
| vs. | ) | |
| | ) | **CRIMINAL NO. 02-cr-40067** |
| UNITED STATES of AMERICA , | ) | |
| | ) | |
| **Respondent/Plaintiff.** | ) | |

### MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. This motion was filed by Petitioner, *pro se*, and the Government has not filed written responses to this motion. For the reasons set forth below, the motion is denied.

Pursuant to a plea agreement, Petitioner entered a plea of guilty to being a felon in possession of a firearm. On August 14, 2003, this Court imposed a sentence of 15 months incarceration, three years supervised release, a special assessment of $100 and a fine of $50. Petitioner did not appeal his sentence or conviction; he filed the instant motion on June 20, 2006.

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the

Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

"[F]or federal criminal defendants who do not file a petition for certiorari with [the Supreme] Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." *Clay v. United States*, 537 U.S. 522, 525, 123 S.Ct. 1072, 1079 (2003). *See* Supreme Court Rule 13 ("a petition for writ of certiorari to review a judgment in any case, civil or criminal, . . . , is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.").

In the instant case, the Petitioner was sentenced on August 14, 2003; judgment was entered on August 22, 2003. He did not file a direct appeal. Therefore, for purposes of § 2255, the Petitioner's conviction became final in early September 2003. *See* FED.R.APP.P. 4(b)(1). However, Petitioner did not file the instant motion until June 20, 2006. Thus, the Petitioner's judgment of conviction was final for almost three years prior to the filing of his motion under § 2255, and he filed this motion almost two years too late. Therefore, the motion is barred by the statute of limitations, and this Court lacks jurisdiction to entertain the motion. Accordingly, this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**Dated: August 23, 2006.**

 **s/ J. Phil Gilbert**
 **U. S. District Judge**